**SECURITY FIRST NATIONAL BANK,**
a corporation, Appellee,

v.

**Rogers KNOWLES, Appellant.**

No. 81142.

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 22, 1994.

John C. Muntz, Hugo, and Jesse L. Nickerson, III, Nickerson Law Firm, Paris, TX, for appellant.

Bob Rabon, Rabon, Wolf & Rabon, and Vester Songer, Hugo, for appellee.

*OPINION*

GARRETT, Vice Chief Judge:

This appeal is taken from an order dismissing the counterclaim of Appellant, Roger

Knowles (Appellant), in an action filed by Appellee, Security First National Bank (Appellee). Appellee filed this lawsuit against Appellant for defaulting on a note executed in Appellee's favor. Appellee contends the note was secured by cattle which bank representatives periodically checked by going on Appellant's property. Appellee also sought replevin and filed an order of delivery to obtain possession of the cattle.

Appellant contends he advised Appellee of the fact he did not own the cattle, but was in possession of them through a cattle maintenance agreement between himself and Samelson Mercantile Company (Samelson). Appellee took possession of the cattle and sold them, and Samelson sued Appellee for the conversion of its cattle, resulting in a substantial judgment being paid by Appellee to Samelson.

Appellant filed an answer and counterclaim in which he alleged, *inter alia:*

3. The Plaintiff, Security First National Bank of Hugo, Oklahoma, after being repeatedly advised that the cattle on the Defendant Knowles' farm, did not belong to Defendant, Knowles, but to Samelson Mercantile Company, wrongfully converted the Samelson Mercantile Cattle and thereafter sold the Samelson Mercantile Cattle without proper notice, which resulted in the cattle maintenance agreement being terminated and therefore Defendant, Knowles, was damaged in the sum of $1,400,000.00.

Prior to filing the counterclaim above, Appellant filed a "Disclaimer" which stated the following:

Comes now the defendant, Roger Knowles, and states to the Court that he disclaims any right, title, or interest in and to the personal property (i.e. cattle) set forth in plaintiff's Second Cause of Action. Said defendant, Roger Knowles, states that the cattle which are the subject of the Second Cause of Action were being held pursuant to Cattle Maintenance Agree-

ment, a copy of which is attached hereto and made a part hereof.

The motion to dismiss was filed November 22, 1985, and remained pending until January 23, 1993. During the pendency of this case, Appellant and his wife filed for relief under Chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Texas. It appears from the record,[1] however, that Appellant did not list Appellee as a creditor in the bankruptcy proceeding.

Subsequent to receiving a discharge, Appellant moved to reopen the bankruptcy case to pursue its claim in the litigation pending in the instant case. The bankruptcy court entered an "Order Modifying Discharge Order", which provided, *inter alia,* that Appellee could assert its claims and defenses against Appellant and his wife and that they were in no way prejudiced by the discharge order entered in the bankruptcy proceeding. However, the order provided that any judgment Appellee received would be set off against a judgment received by Appellant:

(6) provide that on conclusion of the litigation authorized by this Order, in the event Security First National Bank obtains a judgment against Joint Debtors or either of them over and above any judgment obtained by the Joint Debtors or either of them against said Bank, said amount shall be discharged by the discharge order heretofore entered; . . . .

The order of the court sustaining Appellee's motion to dismiss contained the following:

[I]t was the request of the Court that the Defendant's attorney provide the Court with information or filings from the bankruptcy action, filed by the Defendant and his spouse in Texas, that shows the Plaintiff was named as a creditor in that bankruptcy action. None of the filings filed to this date show the Plaintiff was listed as a creditor in the original filing of bankruptcy, or that any notice, or any right to appear, was granted to the Plain-

---

1. Copies of bankruptcy records were requested of Appellant by the trial court in the instant appeal. Specifically, the court wanted documentation to show that Appellee was listed as a creditor in the bankruptcy case. Thus, copies of a portion of the bankruptcy file are part of the record in the instant case.

tiff in the proceeding on the original bankruptcy action. On this basis, the Court feels that the Plaintiff was deprived of any opportunity to present their claim or their cause of action in the bankruptcy Court. On the basis that this counterclaim has been belatedly approved by the bankruptcy court, but does not allow for recovery of the indebtedness of the Defendant to the Plaintiff, this Court, being a Court of equity as well as a Court of law, finds that such shocks its conscience that a counterclaim should be allowed against the Plaintiff while no action by the Plaintiff for recovery is allowed. On that basis, the Court finds the Motion to Dismiss should be sustained on the grounds of equity.

Also in connection with the counterclaim, the Court does note that on April 1, 1985 counsel, John Muntz, as attorney for the Defendant Roger Knowles, did file a disclaimer in which the Defendant Roger Knowles disclaimed "any right, title, or interest in or to the personal property (i.e. cattle) set forth in Plaintiff's second cause of action." This disclaimer "of any right" would indicate that the Defendant had also disclaimed any contractual interest in the cattle, which he now proceeds to claim as a counterclaim. The Court cannot find that these two, a disclaimer and a counterclaim, are consistent or compatible ... Since the Defendant's counterclaim, including the first cause of action, second cause of action, third cause of action, and fourth cause of action; are all based upon, or dependent upon, the Defendant's alleged right to possession of the cattle under a contract. (sic) The Court finds that these claims were waived by the disclaimer filed on April 1, 1985, and therefor (sic) should be disallowed. On that basis, also, the Court finds that the Plaintiff's Motion to Dismiss should be sustained as a matter of law.

Appellant contends the nature of the claim asserted in his counterclaim was Appellee's tortious interference of his contract with Samelson. However, Appellee filed its motion to dismiss, pursuant to 12 O.S.1991 § 2012(B)(6), on the ground that, although Appellant sought damages for "conversion", he had not stated a claim for which relief

could be granted because he did not own the cattle.

Appellant's contentions of error in this appeal are that the trial court abused its discretion: (1) in granting the motion to dismiss which did not contain a separate statement of omissions or defects in the counterclaim; and (2) in denying him leave to file an amended counterclaim, all as required by 12 O.S.1991 § 2012.

Appellee states in its brief that the trial court went beyond the issues raised in the motion to dismiss, as well as beyond the pleadings. Therefore, it contends the court actually rendered summary judgment in its favor. Appellant complains he was not given an opportunity to address the issues, as provided by § 2012(B)(6). This complaint is not well taken, however, because the evidentiary materials used by the court were provided by Appellant. Moreover, Appellee contends it also did not address those issues upon which the court decided the case, but that it could not imagine what more the court could have before it to decide the case.

Aside from the equity issues involved between the instant case and the bankruptcy case, this case turns on whether, at the time the counterclaim was filed, Appellant retained any right or interest in the cattle. We agree with the trial court on the issue of waiver by Appellant due to his disclaimer. Although Appellant contends he was merely disclaiming an ownership interest in the cattle, we hold that the disclaimer also effectively served to waive any right based upon his alleged contractual right to possession of the cattle. The language used in the disclaimer, that he "disclaims any right, title or interest in and to the personal property (i.e., cattle) set forth in plaintiff's Second Cause of Action", is incompatible with continuing the cattle maintenance contract because such contract would require obtaining possession of the cattle. It was held in *Whitmire v. Zolbe,* 403 P.2d 445, 448 (Okl.1965), that an action, or forbearance of action, which is inconsistent with an alleged right is a waiver. The Supreme Court cited *Southwest Cotton Co. v. Valley Bank,* 26 Ariz. 559, 227 P. 986, 988 (1924) which defined "waiver":

A waiver is a voluntary and intentional relinquishment of a known right, *or such conduct as warrants an inference of the relinquishment of such right.* (Citations omitted) (Emphasis added).

The *Whitmire* Court also quoted approvingly from *Springfield Gas & Electric Co. v. Southern Surety Co. of Oklahoma*, 250 S.W. 78 (Mo.App.1923):

A waiver occurs when one 'in possession of any right, whether conferred by law or by contract, and with full information of the material facts, does or forbears the doing of some things inconsistent with the existence of the right or his intention to rely upon it; thereupon he is said to have waived it, and he is precluded from claiming anything by reason of it afterward. * * A consideration which is necessary to support a contract is unnecessary to support a waiver. A waiver may even take place in consequence of laches merely or in consequence of acting inconsistently with the idea of insisting upon the right which is waived, and may be shown by conduct as well as by express words.

Appellant cannot disclaim any "right, title or interest" in the cattle, only to turn around and claim Appellee destroyed his right to continued proceeds under his contract for maintaining the same cattle. His act of filing the disclaimer was inconsistent with the counterclaim against Appellee as a matter of law. The trial court did not err in sustaining Appellee's motion to dismiss.

AFFIRMED.

HUNTER, P.J., and BAILEY, J., concur.